UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-2595 PA (AGRx) | Date | January 8, 2018 |
|---|---|---|---|
| Title | Fabric Selection, Inc. v. All Fashions Clothing, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS

Pursuant to Local Rule 16 and this Court's June 16, 2017 Scheduling Order, plaintiff Fabric Selection, Inc. ("Plaintiff") was required to file certain pretrial documents with the Court by January 5, 2018, including, but not limited to, the Proposed Joint Pretrial Conference Order, Joint Exhibit and Witness Lists, Contentions of Fact and Law, and a Status Report Regarding Settlement. (See Docket No. 26 at 11.) To date no pretrial documents have been filed in this action, despite the expiration of the deadline.

This Court's Scheduling Order specifically warns that "[t]he failure to attend the [Final Pretrial Conference] or to submit in conformity with this order, the jury instructions, pre-trial exhibit stipulation, joint statement of the case, voir dire questions, summary of witness testimony and times estimates, proposed Pretrial Conference Order or the memorandum of contentions of fact and law may result in the dismissal of the action, striking the answer and entering a default, and/or the imposition of sanctions." (Docket No. 26 at 10.) The parties were further informed that "[a]bsent extraordinary circumstances, which must satisfy the requirements of Federal Rule of Civil Procedure 16(b) and be brought to the Court's attention in a timely manner, the Court [would] not modify [the pretrial and trial] dates." (Docket No. 23 at 1; see also Docket No. 26 at 3.) On December 5, 2017, the parties filed a stipulation to continue trial, which was denied. (Docket Nos. 46, 47); see Fed. R. Civ. P. 16(b) ("A schedule may be modified only for good cause and with the judge's consent.").

Dismissal is appropriate here because Plaintiff has failed to adequately prosecute this action or comply with the Court's orders. Federal Rule of Civil Procedure 41(b) provides that a defendant may move for dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Although Rule 41(b) provides for dismissal on the motion of the defendant, the Court can also dismiss an action sua sponte pursuant to Rule 41(b). See Link v. Wabash R.R., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); see also Alexander v. Pac. Maritime Ass'n, 434 F.2d 281, 283-84 (9th Cir. 1970). The permissive language of Rule 41—that defendant "may" move for dismissal—does not limit the Court's ability to dismiss an action sua sponte where the defendant does not move for dismissal. Link, 370 U.S. at 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734. The Court has the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-2595 PA (AGRx) | Date | January 8, 2018 |
|---|---|---|---|
| Title | Fabric Selection, Inc. v. All Fashions Clothing, Inc., et al. | | |

pursuant to Rule 41(b) with prejudice for failure to prosecute or for failure to comply with a court order. See id. at 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (dismissal for failure to prosecute); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (same); Yourish v. Cal. Amplifier, 191 F.3d 983, 987 (9th Cir. 1999) (dismissal for failure to comply with court order).

In Henderson v. Duncan, 779 F.2d 1421 (9th Cir. 1986), the Ninth Circuit set forth five factors for a district court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Id. at 1423. Cases involving sua sponte dismissal merit special focus on considerations relating to the fifth Henderson factor. Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998). Dismissal is appropriate "where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal." Id. (internal citations omitted) (citing Ferdik, 963 F.2d at 1263).

Here, in assessing the first Henderson factor, the public's interest in expeditious resolution of litigation will be satisfied by a dismissal. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Yourish, 191 F.3d at 990 (public's interest in expeditious resolution of litigation always favors dismissal)). Relatedly, with respect to the second factor, the Court's need to manage its docket will be served by dismissal. See id.

The third Henderson factor at least marginally favors dismissal. The defendants may be prejudiced unless the action is dismissed. See Yourish, 191 F.3d at 991; Pagtalunan, 291 F.3d at 642 (holding that failing to timely amend risks prejudice and can justify dismissal).

In considering the fourth and fifth Henderson factors, this Court's Scheduling Order, as noted above, warned Plaintiff that the failure to submit the required pretrial documents may result in the dismissal of the action. Despite this warning, Plaintiff failed to submit any pretrial documents by the date set by the Court. Additionally, the Court intends to dismiss this action without prejudice. Accordingly, the fifth Henderson factor favors dismissal because the Court has adopted the "less-drastic" sanction of dismissal without prejudice. See McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996) (district court should first consider less drastic alternatives to dismissal with prejudice).

As a result of Plaintiff's violation of the Court's Scheduling Order, this action is dismissed without prejudice. See Fed. R. Civ. P. 41(b); see also Yourish, 191 F.3d at 986-88; Ferdik, 963 F.2d at 1260. The Pretrial Conference scheduled for January 19, 2018, and the Trial scheduled for February 20, 2018, are vacated.

IT IS SO ORDERED.